The opinion of the court was delivered by
Marr, J.
On the 13th March, 1879, John P. Becker filed a petition in the Sixth District Court praying for an injunction prohibiting the city and the police from interfering with him in his business; and to prevent the collection of a license tax.
He alleges that he is the keeper of a saloon, and as such is liable to a reasonable license tax; that he applied to the city for a license, which was refused, the city claiming $2500, and $50 additional for the Charity Hospital, under an ordinance of December, 1878, fixing the tax at that rate on coffee-houses with theatrical performances, with or without admission fee.
That he does not keep, and has not kept, during the year 1879, a coffee-house with theatrical performances, and is not liable for the license tax demanded; and that the city threatens to close his establishment, unless the license is immediately paid, and to seize it provisionally, in default of payment, by which he would suffer irreparable injury and ruin.
A preliminary restraining order was granted, and a rule nisi, re *645 quiring the city to show cause on the 15th March, why the injunction' should not issue as prayed for.
On the 14th March the city filed a petition in the same court, alleging that Becker was keeping a coffee-house with theatrical performances; that he had been conducting this business since January, 1879, and would continue to do so unless enjoined; that he refused to pay the license tax fixed by the city ordinance; and that his conduct not only deprives the city of a certain revenue, but seriously interferes with the police of the city, and, if permitted, will be productive of insubordination, and unlawful resistance to the laws and ordinances of the city.
That for the payment of the license tax the city has a privilege and a lien on the personal property of defendant, with the right to seize and sell the same; and the additional right to enjoin the defendant from carrying on the business until the license tax shall have been paid.
The prayer is for an injunction restraining defendant from continuing to carry on the business of keeping a coffee-house with theatrical performances until he shall have paid the license tax; and for judgment for the amount of the tax.
The injunction was granted as prayed for; and on the next day Becker took a rule on the city to show cause why it should not be dissolved on his giving bond, as provided by the Code Practice, art. 307.
On hearing, the court refused to grant the injunction prayed for by Becker; and also refused to dissolve on bond the injunction granted to the city. Becker appealed from both these orders.
We think the court did not err in refusing to grant the injunction as prayed for by Becker. The charter, act of 1870, extra session, page 36, section 12, paragraph 10, subjects all places for shows and exhibitions, and shops for retailing liquors, etc., to the police power of the city* Paragraph 20 authorizes the city to levy, impose and collect a license tax upon all persons pursuing any trade, profession or calling, and to-provide for its collection; and section 21 provides that “ upon the prayer of the city, * * * any court of competent jurisdiction shall enjoin the person or persons so liable to pay a license tax, and who shall refuse or neglect to pay the same, from continuing to carry on such business or profession until he shall have paid the same, and all costs and charges for the recovery and enforcement of the claim therefor.”
This right of the city is wholly incompatible with the right of the taxpayer to enjoin the city in the collection of the license tax, or from interfering with him in carrying on his business. His application for an injunction is the refusal to pay the license tax, and would authorize the city to demand the injunction to prevent the continuance of the business. The object of the law is to enable the city to compel the prompt payment of the license tax; and- that object would be defeated if the' *646 taxpayer were allowed either to take the initiative, by enjoining the city, or to have the injunction granted to the city dissolved on bond. In either case he might by the necessary delays in the district court, and by appeal to this court, successfully resist the license tax for an entire year; and thus enjoy the privilege of carrying on his business, in defiance of the law, without complying with its requirements. In many cases, at the end of the litigation, the city would find no property to meet its demands.
Defendant does not state in his petition what business he carries on in his saloon. If it is not that for which the city demands the license tax complained of, the injunction which merely forbids him to carry on that business, will do him no harm; and if the city does not prove that he is, or that since the first of January he has been carrying on that business, he will not be condemned to pay the license tax sued for.
The injunction which defendant sought to obtain was neither more nor less than an attempt, on his part, to prevent the city from invoking the aid of the judicial tribunals to enforce its asserted charter rights. That is not a proper proceeding. He should have waited until the city resorted to the process authorized by law; and in 'defence of that suit, set up whatever he relied upon to defeat the demand.
The orders appealed from are affirmed with costs.